THE TOSCANO LAW FIRM, LLC
80 Bloomfield Avenue
Suite 101
Caldwell, New Jersey  07006
Phone: 973-226-l691
Facsimile: 973-226-l693

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRINITY TECHNOLOGIES, LLC, | : |
| Plaintiff, | : Civil Action No.: |
| v. | : |
| UNITED SPECIALTY INSURANCE COMPANY and NATIONAL CLAIMS SERVICES, | : COMPLAINT FOR DECLARATORY JUDGMENT |
| Defendants. | : |

Plaintiff, Trinity Technologies, LLC, by and through its attorneys, The Toscano Law Firm, LLC, by way of Complaint against the defendants states as follows:

## PARTIES

1. Plaintiff, Trinity Technologies, is a New Jersey Limited Liability Corporation. This organization primarily operates in the general electrical contractor business / industry within the construction - special trade contractors sector.  It's primary place of business is located in the Borough of Keyport, County of Monmouth and State of New Jersey.

2. Defendant, United Specialty Insurance Company ("USIC") is a company of unknown corporate origin that is engaged in the business of selling liability and other types of insurance. It has a mailing address of P.O. Box 24622, Fort Worth, TX 76124.

3. Defendant National Claims Services ("NCS") is the third-party administrator to United Specialty Insurance Company, with a mailing address of P.O. Box 500698, Atlanta, GA 31150.

## ALLEGATIONS COMMON TO ALL CLAIMS

4. In or around May 23, 2014, defendant USIC issued a policy of liability insurance, Policy No.: BVO1442824 ("the Policy") to plaintiff. The Policy was renewed every year thereafter and currently remains in effect with an expiration date of May 23, 2017. The Policy provides a limit of liability of one million dollars per occurrence, with a products completed operations aggregate of two million dollars, and a personal injury and advertising injury liability limit of one million dollars. There is a self-insured retention of $5,000.00.

5. In or around June 2017, plaintiff was named in a Civil Complaint entitled <u>New York Marine General Insurance and Technology Insurance Company a/s/o Fisher Associates, LLC and Jackson Surrey Ocean, LLC v. Sprint Spectrum, L.P., Sprint Spectrum Realty Company, LLC a/k/a Sprint Spectrum Company, L.P., Atwell, LLC, Alcatel-Lucent USA Inc., Infinigy Solutions, LLC, Trinity Technologies, LLC and Trinity Technologies, LLC d/b/a Trinitech Electric</u>, Index No.: 155529/2017 in the Supreme Court of the State of New York, County of New York. The amount in controversy is approximately $500,00.00, inclusive of damages sought, attorney fees, costs of suit and interest.

6. Plaintiff immediately notified the defendants of this civil complaint/litigation venued in the State of New York.

7. Without proper justification, excuse or reason, the defendants did not properly investigate all attendant circumstances relative to the New York litigation and never visited the site

2

of the subject property. If the defendants did so, and took the time to interview/speak to the plaintiff relative to these entailed and far reaching attendant circumstances, they would have fully realized that defense and indemnification was proper and was in good order.

8. Attached hereto as Exhibit A is all relevant correspondence dealing with the defendants' wrongful disclaimer which has triggered the filing of this declaratory judgment action.

9. As a result of defendants USIC's and NCS's wrongful refusal to defend and indemnify plaintiff, plaintiff has been injured.

## JURISDICTION OF THIS UNITED STATES DISTRICT COURT

10. Upon information and belief, this Court has jurisdiction over plaintiff's claims pursuant to 28 U.S.C. Sec. 1332. The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

## COUNT ONE
## (BREACH OF CONTRACT)

11. By defendant USIC's and NCS's wrongful refusal to defend and indemnify plaintiff in the above mentioned New York State matter, the defendants have sorely breached the contract of insurance between them and the plaintiff.

12. As a result of defendants' actions, plaintiff has been injured.

## COUNT TWO
## (BAD FAITH)

13. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraph as if set forth at length herein.

14. Defendants' wrongful refusal to provide a defense and indemnification to plaintiff pursuant to the terms of the subject Policy constitutes gross and inexcusable bad faith.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff demands judgment for:

a) a declaratory judgment that the defendants are obligated to defend and indemnify plaintiff for any damages that may be awarded in the above mentioned New York litigation;

b) compensatory damages;

c) punitive damages;

d) attorney's fees;

e) costs of suit; and

f) whatever other relief this Court deems equitable and just.

TOSCANO LAW FIRM, LLC
Attorney for Plaintiff

By: *s/ Patrick P. Toscano, Jr.*
Patrick P. Toscano, Jr.

Dated: December 14, 2017

4